**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13129
Non-Argument Calendar
_____

AUTOMOTIVE PERFORMANCE TECHNOLOGIES LLC,

*Plaintiff-Appellant,*

*versus*

THE UNIVERSITY OF MEMPHIS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04848-SCJ
_____

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Automotive Performance Technologies LLC (APT) appeals the district court's dismissal of its claim, which

was decided on sovereign immunity grounds. APT sued Defendant-Appellee University of Memphis (Memphis) for breach of contract in the Northern District of Georgia,[1] to which Memphis moved to dismiss because, among other reasons, the district court lacked subject matter jurisdiction due to Eleventh Amendment sovereign immunity. *See* Fed. R. Civ. P. 12(b)(1). APT responded to the motion but did not challenge this argument.

On appeal, APT argues that the Eleventh Amendment does not bar suits alleging ongoing constitutional violations by state officials under *Ex parte Young*, 209 U.S. 123 (1908), and *Alden v. Maine*, 527 U.S. 706 (1999). In response, Memphis argues the claim should not be considered as it was not raised in the district court and that the claim was abandoned on appeal due to the perfunctory nature of the argument. Memphis alternatively contends that *Ex parte Young* does not apply since APT's suit is merely to right an alleged past wrong. We agree with Memphis.

"[A]ppellate courts generally will not consider an issue or theory that was not raised in the district court." *Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994) (quoting *F.D.I.C. v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir. 1993)).

Here, APT provides no supporting authority or argument that we should now consider its cursory claim under *Ex parte Young*,

---

[1] APT styled its complaint to the Northern District of Georgia as an appeal from the Tennessee Supreme Court. This is APT's fourth filing of a notice to appeal after the Tennessee Claims Commission rendered a decision against APT's original breach of contract claim in 2023.

25-13129                Opinion of the Court                3

nor did it raise any arguments as to Memphis's sovereign immunity in the district court.

A legal claim or argument not briefed on appeal is abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). A claim is abandoned on appeal when it is made in passing or raised in a perfunctory manner without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

APT abandoned its argument as to the *Ex parte Young* exception to sovereign immunity because it provides no reasons as to why it would apply here. APT merely states that the district court's dismissal "ignored this foundational principle." Thus, APT abandoned this argument.[2] None of APT's other arguments are properly before this court. Thus, we affirm the district court's proper dismissal.

**AFFIRMED.**

---

[2] Memphis further argues that Eleventh Amendment immunity is appropriate because they did not consent to the jurisdiction of this court. Even if APT's argument was not abandoned, the district court correctly found that it lacked subject matter jurisdiction to hear this case. The University of Memphis, as a board of regents state university, holds Eleventh Amendment immunity as an arm of Tennessee. And the *Ex Parte Young* exception does not apply to APT's breach of contract claim for damages. *See* Tenn. Code. § 49-8-101(a)(2)(A); *see Long v. Richardson*, 525 F.2d 74, 79 (6th Cir. 1975); *see also Watkins v. Univ. of Memphis Campus Police Servs.*, No. 15-5285, 2016 WL 11784932 (6th Cir. Oct. 27, 2016) ("The University [of Memphis] is, in turn, an arm of the State of Tennessee.").